## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FLOR TORREANCE,**

> **Plaintiff,**

**vs.**

**FIRSTSOURCE GROUP USA, INC.**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Flor Torreance, hereinafter referred to as ("Plaintiff") by and through her undersigned attorneys, sues the Defendant, Firstsource Group USA, Inc. hereafter referred to as ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

**PARTIES**

3.      Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

**ADMINISTRATIVE PREREQUISITES**

5.      Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

6.      Plaintiff intends to move the Court to amend this Complaint once she meets all conditions precedent under Title VII and the Florida Civil Rights Act.

**GENERAL ALLEGATIONS**

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees. At all relevant times, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite and was a covered employer under the Family and Medical Leave Act.

8.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

9.      Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

11.     Plaintiff began her employment with FIS on or about April 27, 2020, as a Customer Service Representative working fully remote.

12.     FIS then merged with Teleperformance in 2023, and Teleperformance was purchased by Defendant, Firstsource in 2025. Defendant Firstsource is a successor in interest to Teleperformance and FIS within the meaning of the Family and Medical Leave Act, and Plaintiff's employment was continuous from 2020 through the corporate transactions.

13.     Plaintiff was assured her tenure, beginning in 2020 would carry over to her new employer. In the twelve (12) months preceding her request for leave, Plaintiff worked at least 1,250 hours for Defendant and its predecessors.

14.     On or about May 2025, Plaintiff was involved in an automobile accident.

15.     Plaintiff applied for FMLA leave due to her serious medical condition.

16.     Plaintiff's request for FMLA leave was denied.

17.    Defendant's reason for denial was that the buyout occurred in May 2025 and Plaintiff was not eligible for FMLA.

18.    Plaintiff then submitted the required paperwork requesting a reasonable accommodation.

19.    Human Resources notified Plaintiff that her request was pending.

20.    Shortly afterward, Plaintiff was notified she was being let go due to "workforce reductions".

21.    Plaintiff had been aware of a planned restructuring and had been told she was to be transferred to another department.

22.    Following her termination, Defendant reached out to Plaintiff offering her a position in the department she was originally supposed to be transferred to, but at a lower pay rate, tenure restart, and 60 days wait for benefits.

**COUNT I**
**FAMILY MEDICAL LEAVE ACT – INTERFERENCE**

23.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1-22.

24.    Defendant interfered with Plaintiff's rights under the FMLA by denying Plaintiff's request for job-protected medical leave to which she was entitled.

25.    Defendant's denial of Plaintiff's FMLA leave violated the Family and

4

Medical Leave Act.

26.     As a result of Defendant's unlawful actions Plaintiff has suffered

damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the

following damages:

a.     Back pay and benefits;

b.     Interest;

c.     Liquidated damages;

d.     Attorney's fees and costs;

e.     Equitable relief;

f.     Such other relief as is permitted by law.

**COUNT II**
**(FMLA DISCRIMINATION/RETALIATION)**

27.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1-

22.

28.     Defendant retaliated against Plaintiff for asserting her rights under

the FMLA by terminating her employment shortly after she requested FMLA

leave.

29.      Defendant's actions constitute unlawful retaliation in violation of the

Family and Medical Leave Act.

5

30.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 9th day of January 2026.

FLORIN | GRAY

/s/ Troy Longman II
**Troy E. Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
**Hunter A. Higdon**
Florida Bar No.: 85963
hhigdon@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*